UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANESSA SULLIVAN O/B/O MINOR P.N.J, <br><br> Plaintiff, <br><br> v. <br><br> COMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 2:25-cv-0143 AC <br><br> ORDER |

  Before the court is plaintiffs' Petition for the Appointment of Guardian Ad Litem. ECF No. 3. Under Federal Rule of Civil Procedure 17(c)(2), "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). Local Rule 202 provides the following additional requirements:

> (a) Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or, (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person.
>
> ...

1

(c) Disclosure of Attorney's Interest. When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount.

E.D. Cal. L.R. 202.

The Ninth Circuit has held that "[a]lthough the [district] court has broad discretion and need not appoint a guardian ad litem if it determines the person is or can be otherwise adequately protected, it is under a legal obligation to consider whether the person is adequately protected." United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat County, State of Wash., 795 F.2d 796, 805 (9th Cir.1986). Fit parents are presumed to act in the best interests of their children. Troxel v. Granville, 530 U.S. 57, 66 (2000); Doe v. Heck, 327 F.3d 492, 521 (7th Cir. 2003).

Here, plaintiff asks that Vanessa Sullivan be appointed guardian ad litem for her minor grandchild, P.N.J, in this social security action. ECF No. 3 at 2. Vanessa Sullivan filed a declaration stating that P.N.J. is in her custody and that she is intimately familiar with P.N.J.'s physical and mental disabilities. Id. at 5. Plaintiff complied with Local Rule 202(c) and disclosed their attorney's interest. Id. at 2.

Upon examination, the undersigned finds that the appointment of Vanessa Sullivan as guardian ad litem for her minor grandchild, plaintiff P.N.J., is appropriate. It is therefore ORDERED that the petition, ECF No. 3, is GRANTED.

IT IS SO ORDERED.

DATED: January 14, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2