1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   VANESSA SULLIVAN on behalf of          No.  2:25-cv-00143-AC
     P.N.J.,
12
                    Plaintiff,
13                                           ORDER
             v.
14
     COMMISSIONER OF SOCIAL
15   SECURITY,

16                  Defendant.

17

18          Plaintiff commenced this social security action on January 10, 2025.  ECF Nos. 1-3.[1]  On

19   March 17, 2025, the court granted the parties' stipulation and remanded the case for further

20   proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  ECF Nos. 13, 14.  Presently

21   pending before the court is plaintiff's motion for attorneys' fees pursuant to the Equal Access to

22   Justice Act ("EAJA").  ECF No. 15.  The Commissioner filed a statement declining to take a

23   position on the motion.  ECF No. 16.  After considering the briefing and the applicable law, the

24   court grants plaintiff's motion for EAJA fees.

25   ////

26

27   _____
     [1]  This case was referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(15) and both
     parties voluntarily consented to proceed before a United States Magistrate Judge pursuant to 28
28   U.S.C. § 636(c).  ECF Nos. 7 and 15.

                                        1

1    The EAJA provides, in part, that:

2    Except as otherwise specifically provided by statute, a court shall
3    award to a prevailing party other than the United States fees and other
     expenses, in addition to any costs awarded pursuant to subsection (a),
     incurred by that party in any civil action (other than cases sounding
4    in tort), including proceedings for judicial review of agency action,
     brought by or against the United States in any court having
5    jurisdiction of that action, unless the court finds that the position of
     the United States was substantially justified or that special
6    circumstances make an award unjust.

7    A party seeking an award of fees and other expenses shall, within
     thirty days of final judgment in the action, submit to the court an
8    application for fees and other expenses which shows that the party is
     a prevailing party and is eligible to receive an award under this
9    subsection, and the amount sought, including an itemized statement
     from any attorney or expert witness representing or appearing in
10   behalf of the party stating the actual time expended and the rate at
     which fees and other expenses were computed.  The party shall also
11   allege that the position of the United States was not substantially
     justified.  Whether or not the position of the United States was
12   substantially justified shall be determined on the basis of the record
     (including the record with respect to the action or failure to act by the
13   agency upon which the civil action is based) which is made in the
     civil action for which fees and other expenses are sought.
14

15   The court, in its discretion may reduce the amount to be awarded
     pursuant to this subsection, or deny an award, to the extent that the
16   prevailing party during the course of the proceedings engaged in
     conduct which unduly and unreasonably protracted the final
17   resolution of the matter in controversy.

18   28 U.S.C. § 2412(d)(1)(A)-(C).

19       Here, the Commissioner does not dispute that plaintiff is a prevailing party, because he

20   successfully obtained a remand for further proceedings under sentence four of 42 U.S.C. §

21   405(g).  Shalala v. Schaefer, 509 U.S. 292, 300-02 (1993).  The commissioner does not dispute

22   that  the application for EAJA fees is timely, because it was filed within thirty days of final

23   judgment in this action.  Nor does the Commissioner argue that plaintiff is not entitled to an

24   award of fees under the EAJA, because the position of the Commissioner was substantially

25   justified.  See Flores v. Shalala, 49 F.3d 562, 569 (9th Cir. 1995) (holding that claimant is entitled

26   to attorneys' fees unless the government shows that its position "with respect to the issue on

27   which the court based its remand was 'substantially justified'").  Because the Commissioner

28   raises no objections, the court GRANTS the  motion.

2

1    The EAJA directs the court to award a reasonable fee.  28 U.S.C. § 2412(d)(2)(A).  In

2 determining whether a fee is reasonable, the court considers the reasonable hourly rate, the hours

3 expended, and the results obtained.  See Commissioner, INS v. Jean, 496 U.S. 154, 163 (1990);

4 Hensley v. Eckerhart, 461 U.S. 424, 437 (1983); Atkins v. Apfel, 154 F.3d 986, 988 (9th Cir.

5 1998).  In considering a reasonable rate for attorneys' fees, an increase in the statutory rate of

6 $125 may be justified to account for increases in the cost of living.  See Sorenson v. Mink, 239

7 F.3d 1140, 1148 (9th Cir. 2001).  The cost of living adjustment to the statutory cap is computed

8 by multiplying the statutory cap by the consumer price index for urban consumers for the year in

9 which the fees were earned, then dividing by the consumer price index figure on the date that the

10 cap was imposed by Congress.  Id. at 1148-49; see also Thangaraja v. Gonzales, 428 F.3d 870,

11 876-77 (9th Cir. 2005).[2]  The national, rather than local, change in cost of living should be

12 applied to adjust the EAJA rate cap because "if Congress had wanted to allow for cost of living

13 adjustments in a particular region or city, it could have done so in the statute."  Stewart v.

14 Sullivan, 810 F. Supp. 1102, 1107 (D. Haw. 1993).

15    The Commissioner does not oppose plaintiff's requested rate or the requested hours billed.

16 Therefore, the court will award plaintiff EAJA attorneys' fees in the full amount of $1,070.32.

17 The court notes counsel has executed a fee agreement with his client.  ECF No. 15-1.  However,

18 the EAJA award must be made by this court to plaintiff, and not to counsel.  See Astrue v.

19 Ratliffe, 130 S. Ct. 2521 (2010).  Nevertheless, if the government determines that plaintiff does

20 not owe a federal debt that qualifies for offset, payment may be made in the name of plaintiff's

21 attorney.

22    Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED that:

23    1.  Plaintiff's motion for attorneys' fees under the EAJA (ECF No. 15) is GRANTED.

24    2.  Plaintiff is awarded attorneys' fees in the total amount of $1,070.32 pursuant to the

25

26    [2]  In accordance with the decision in Thangaraja v. Gonzales, 428 F.3d 870, 876-77 (9th Cir.
2005), and Ninth Circuit Rule 39-1.6, the Ninth Circuit Court of Appeals maintains a list of the
27 statutory maximum hourly rates authorized by the EAJA, as adjusted annually.  The rates may be
found on the Court's website.  See http://www.ca9.uscourts.gov.  Here, plaintiff's requested rates
28 are within the statutory maximum rate established by the Ninth Circuit.

1    EAJA.  If the government determines that plaintiff does not owe a federal debt that

2    qualifies for offset, payment may be made in the name of plaintiff's attorney.

3    IT IS SO ORDERED.

4    DATED: July 18, 2025

5    _____

6    ALLISON CLAIRE
     UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4